IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-694-H

MYRA MULLINS, MAE MULLINS and JOE )
MULLINS, )
 )
    Plaintiffs, )
 )
    v. ) **ORDER**
 )
CHAFFE MCCALL, LLP, )
 )
    Defendant. )

This matter is before the court on defendant's motion to dismiss or, alternatively, for a more definite statement [DE #10]. Plaintiffs have not responded, and the time for doing so has expired. This matter is therefore ripe for ruling.

### BACKGROUND

Plaintiffs initiated this suit on October 22, 2012, asserting that defendant Chaffe McCall, LLP ("Chaffe McCall"), a Louisiana law firm, violated the Fair Debt Collection Practices Act and intruded upon plaintiff's state-law right to privacy in its attempts to collect a debt owed by plaintiff Myra Mullins to a third-party creditor. Plaintiffs do not identify the third-party creditor and allege in their complaint that "[o]n every call placed to Plaintiffs, Defendant failed to identify the name of its company and failed to state that the reason for its call was debt collection."

Chaffe McCall moves to dismiss plaintiffs' complaint for lack of personal jurisdiction or, alternatively, for a more definite statement. In support of its motion, Chaffe McCall has submitted the declaration of one of its partners in which the following is averred:

> (1) that "Chaffe McCall generally limits its practice to the states of Louisiana, Mississipi and Texas;"
>
> (2) that "Chaffe McCall performs no debt collection activity of the type alleged in the Complaint;"
>
> (3) that with the exception of two discrete, unrelated matters, attorneys at Chaffe McCall have not reported involvement in any legal matters in North Carolina since 2010;
>
> (4) that Chaffe McCall does not maintain any offices, telephone or fax lines, email accounts or bank accounts within the State of North Carolina; and
>
> (5) the firm has no record of ever having handled any matter adverse to the plaintiffs.

(Decl. Robert S. Rooth [DE# 9-1].)

## COURT'S DISCUSSION

When personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the burden is ultimately on the plaintiff to prove the existence of jurisdiction over the defendant. Combs v. Baker, 886 F.2d 673, 676 (4th Cir. 1989). Where the "court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a

2

complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Id. (citing 2A Moore's Fed. Prac. ¶ 12.07[2.-2]). The court should "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id.

Plaintiffs' complaint alleges, in conclusory fashion, that Chaffe McCall is responsible for making telephone calls in violation of the FDCPA and state law. It does not identify the alleged creditor/client on whose behalf Chaffe McCall allegedly made the telephone calls, the date(s) on which it allegedly made the calls, or how plaintiffs became aware of Chaffe McCall's alleged involvement in the telephone calls.

Having carefully considered the matter, the court finds that the record is insufficient to determine whether there exists personal jurisdiction over the defendant. Accordingly, the court denies without prejudice defendant's motion to dismiss for lack of personal jurisdiction and grants defendant's motion for a more definite statement.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is DENIED WITHOUT PREJUDICE and defendant's motion for a more

3

definite statement is GRANTED. Plaintiff shall have twenty-one (21) days in which to file a more definite statement of their claims. Failure to do so may result in plaintiffs' complaint being stricken or the dismissal of plaintiffs' claims pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

This 17TH day of June 2013.

*[signature]*
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31